IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND ADAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. **03-301-JPG** |
| ) | |
| **SARAH REVELL,** ) | |
| ) | |
| Respondent. ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Raymond Adams is an inmate in the custody of the Bureau of Prisons. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Respondent has filed a Response. **(Doc. 5)**.

Petitioner plead guilty to distribution of methamphetamine in this District, and was sentenced to 168 months imprisonment. The projected date of his release is October 6, 2012. **See, Doc. 5, Ex. A**.

Petitioner claims that he is entitled to habeas relief because he was denied due process in relation to a prison disciplinary hearing held at FCI-Greenville. According to the incident report, two homemade knives were found hidden in the bathroom of petitioner's cell during a routine shake-down on January 25, 2002. **See, Doc. 5, Attachment 2.** Adams was charged with possession of a weapon. After a DHO hearing on February 7, 2002, Adams was found guilty. Sanctions consisting of 21 days of disciplinary segregation and loss of 40 days of good conduct time were imposed. **See, DHO report, Doc. 5, Attachment 5.**

1

In his petition, Adams sets forth four grounds for habeas relief, as follows:

1. There was insufficient evidence that Adams possessed the weapons because they were not found in an area that was exclusively controlled by him. Rather, they were hidden in a bathroom attached to an eight-man dormitory-style living area.

2. It is fundamentally unfair that Adams should forfeit good conduct credit because a number of inmates had access to the area and he did not have the means to conduct a careful search of the bathroom.

3. Adams was not given a chance to bring in a witness to prove the weapons were not his.

4. There was no evidence to support the findings other than a photograph of the weapons.

## **Applicable Law**

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief. **Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983).**

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." **Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974)**. The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. **Wolff, 418 U.S. 563-567,**

**94 S.Ct 2978-2980**; *Henderson v. U.S. Parole Commission*, **13 F.3d 1073, 1077 (7th Cir. 1994).**

The findings of the disciplinary board must be supported by "some evidence in the record." *Superintendent v. Hill*, **472 U.S. 445, 454, 105 S.Ct. 2768, 2773 (1985)**. This Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Id.*

Under the "some evidence" standard, this Court does not reweigh the evidence or determine credibility. *Meeks v. McBride*, **81 F.3d 717, 720 (7th Cir. 1996).** The evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. *Viens v. Daniels*, **871 F. 2d 1328, 1334-1335 (7th Cir. 1989).** Only evidence that was presented to the hearing officer is relevant to the determination of whether there was "some evidence." *Hamilton v. O'Leary*, **976 F.2d 341, 346 (7th Cir. 1992).**

## Analysis

The exhibits confirm that Adams was given written notice of the charge against him and notice of the hearing. **Doc. 5, Ex. A, attachment 3.** He was also given a statement of his rights. **Ex. A, attachment 4.** Adams refused to sign these documents. A due process hearing was held on February 7, 2002, and the DHO prepared a written statement of the reasons for his decision. The report indicates that petitioner did not request any witnesses. **Ex. A, attachment 5**. A copy of the statement was given to petitioner on February 26, 2002.

Grounds 1, 2 and 4 all present the same concept, that is, that there was insufficient evidence on which to find petitioner guilty of possessing the knives. Adams' argument is that, because the area was not under his exclusive control, he cannot be held responsible for the presence of the weapons.

Although the petition refers to the living area as an eight man area, the evidence before the DHO was that Adams and four other inmates shared the area. The knives were found in the adjoining bathroom.

The DHO's decision was based on the incident report, a photograph of the "sharpened instruments," and Adams' statement. The DHO based his decision not on a finding that Adams actually possessed the knives, but that all five residents of the living unit constructively possessed them. The DHO stated that the five occupants of the living area "were given the opportunity to claim responsibility," but that all claim to know nothing about the knives. Attachment 5, p. 3.

Adams' argument that his conviction was not based on "some evidence" must fail under Seventh Circuit precedent. "The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical." ***Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992)**.

Adams attempts to distinguish *Hamilton* by arguing that more that a few inmates had access to the area because the door to the bathroom could be left open at any time. He did not make that argument in front of the DHO, and the record does not indicate that he presented any evidence to the DHO to indicate that a large number of inmates had access to the bathroom. He did make the argument in his appeal to the Regional Director. However, the Regional Director's response states "Investigation of your complaint has revealed the door to the common area is kept locked. The bathroom is a separate room but is a part of the cell." **Doc. 5, Ex. A, Attachment 6, p.2.**

The Court's review of the finding of guilt is "very narrow." ***Hamilton*, 346.** The issue is whether there is "any evidence in the record" to support the decision, and the Court's inquiry

"does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." **Superintendent v. Hill**, 472 U.S. at 455 - 456, 105 S.Ct. at 2774. Adams cannot use his habeas petition to "relitigate" the issue of whether the bathroom door was kept locked.

It is apparent that there was "some evidence" to support the finding of guilty, which is all that is required. Therefore, grounds 1, 2 and 4 must be denied.

Petitioner's third point is that he was not given a chance to "bring in any witness to prove who the weapons belonged to." This point must be denied for two reasons. First, the exhibits attached to **Doc. 5** indicate that Adams was given the opportunity to request witnesses, but that he did not request any. Secondly, bringing in a witness to identify the owner of the weapons would not have changed the outcome. Adams testified that the knives were owned by an inmate named Fisher. The finding of guilt was not based on a determination that Adams was the owner of the knives, but on a determination that the five occupants of the living area were all constructively responsible for the presence of the knives in the area.

### Recommendation

This Court recommends that Raymond Adams' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **August 7, 2006.**

Submitted: July 19, 2006.

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
